# United States District Court
### for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Probation

| | | |
|---|---|---|
| Name of Offender: | Scott Falk | Case Number: A05-0080-CR (JWS) |
| Sentencing Judicial Officer: | John W. Sedwick, Chief U.S. District Court Judge | |
| Date of Original Sentence: | December 5, 2005 | |
| Original Offense: | Theft of United States Mail | |
| Original Sentence: | Five (5) years probation | |
| Date Supervision Commenced: | December 2, 2005 | |
| Asst. U.S. Attorney: Retta Randall | | Defense Attorney: Eric Derleth |

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about April 14, 2006, in or around Kenai, Alaska, the defendant used a controlled substance, to wit: methamphetamine. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on April 7, 2006, the defendant failed to submit to a scheduled drug test. This violation is a Grade C violation. |

Case 3:05-cr-00080-JWS-JDR Document 19 Filed 06/28/2006 Page 2 of 5
*Petition for Warrant or Summons*
*Name of Offender* : *Scott Falk*
*Case Number* : *A05-0080-CR (JWS)*

| | |
|---|---|
| 3 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on April 11, 2006, the defendant failed to submit to a scheduled drug test. This violation is a Grade C violation. |
| 4 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on April 13, 2006, the defendant failed to submit to a drug test. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on March 8, 2006, March 20, 2006, and March 29, 2006, the defendant failed to participate in substance abuse treatment. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of probation should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of probation should be modified as follows:

Case 3:05-cr-00080-JWS-JDR Document 19 Filed 04/20/2006 Page 3 of 5
*Petition for Warrant or Summons*
*Name of Offender* : *Scott Falk*
*Case Number* : *A05-0080-CR (JWS)*

Respectfully submitted,

*Charlene Wortman*
Charlene Wortman
U.S. Probation/Pretrial Services Officer
Date: April 19, 2006

Approved by:

*Brewer for*
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.*

[ ]  The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ]  Other:

**REDACTED SIGNATURE**
John W. Sedwick
Chief U.S. District Court Judge
4-19-06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-3-

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case Number: A05-0080-CR (JWS) |
| vs. | ) DECLARATION IN SUPPORT OF PETITION |
| Scott Falk | ) |

I, Charlene Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Scott Falk, and in that capacity declare as follows:

On December 2, 2005, the defendant was sentenced to five (5) years probation for the offense of Theft of United States Mail, a Class D felony. The defendant's term of probation commenced immediately with conditions of supervision to include the thirteen (13) standard conditions as well as special conditions of supervision to include substance abuse treatment and testing, warrantless search, and no firearms/weapons.

The defendant received a substance abuse evaluation on January 3, 2006, from Cook Inlet Council on Alcohol and Drug Abuse (CICADA), in Kenai, AK. It was recommended that he participate in Outpatient Treatment which consisted of two group sessions per week and one individual session per month. The defendant began treatment on January 17, 2006.

On April 7, 2006, the defendant appeared in the Superior Court for the State of Alaska, Third Judicial District at Kenai, Alaska, and was sentenced to two (2) years probation with a Suspended Imposition of Sentence for the offense of Misconduct Involving a Controlled Substance in the Fourth Degree, a Class C felony. The defendant committed this crime prior to sentencing in the federal case.

On April 7, 2006, the defendant failed to report to CICADA for a drug test.

On April 11, 2006, the defendant failed to report to CICADA for a drug test.

On April 13, 2006, the probation officer contacted the defendant and instructed him to report to CICADA for a drug test that day. According to CICADA, the defendant reported for a drug test; however, it was suspected that the urine sample the defendant submitted was not his own or had otherwise been adulterated. CICADA contacted the probation office and spoke with a supervisor who advised CICADA to discard the urine sample and to instruct the defendant to contact his probation officer the following day.

The probation officer learned of the situation and contacted the defendant's state probation officer. It was agreed that the U.S. Probation Officer would contact the defendant and instruct him to report to the state probation office in Kenai where he would submit to an observed urinalysis.

On April 14, 2006, the probation officer contacted the defendant telephonically and instructed him to report to the state probation office immediately for a drug test. The defendant reported nearly two hours later and provided a urine sample that tested positive for methamphetamine. The defendant admitted to the state probation officer that he used methamphetamine "one time" on April 13, 2006. The defendant signed an admission form indicating he used methamphetamine. The defendant was arrested for state probation violations and was remanded to Wildwood Pretrial Facility in Kenai.

According to a "Monthly Treatment Report" submitted by CICADA on April 10, 2006, the defendant failed to attend treatment on March 8th, March 20th and March 29th of 2006. These absences were not excused.

Executed this 19th day of April, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*Charlene Wortman*
Charlene Wortman
U.S. Probation Officer